BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JUSTIN K. PASKETT, IDAHO STATE BAR NO. 9066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 E. SHERMAN AVE SUITE 192
POCATELLO, ID 83201
TELEPHONE: (208) 478-4166
FACSIMILE:  (208) 478-4175

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TEL JAMES BOAM,<br><br>Defendant. | Case No. CR-20-188-E-BLW<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN PREPARATION FOR TRIAL** |

The United States, by and through Bart M. Davis, United States Attorney for the District

of Idaho, and the undersigned Assistant United States Attorney for the District of Idaho,

responds to the Defendant's MOTIONS IN PREPARATION FOR TRIAL as follows:

1.      The Government has complied with Federal Rule of Criminal Procedure 16,

and this Court's General order No. 352. As discovery is on-going, the Government will

continue to comply with Federal Rule 16 as the Government receives additional evidence.

Regarding Defendant's specific request for intimate photos of the Defendant or his

estranged wife, the Government is not aware of any such images or videos and the

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN PREPARATION FOR
TRIAL - 1

Government has not given any opinion regarding the relevance of such images or videos, if such exist. The investigating agency, Homeland Security, ("HSI"), downloaded a copy of the Defendant's iCloud account.  HSI then employed search procedures to locate media containing child pornography. HSI only recovered the videos containing child pornography. Because the copy of Defendant's iCloud account contains child pornography HSI and the U.S. Attorney's Office are both federally prohibited from distribution. Generally, Rule 16 requires the government to allow a defendant to inspect and copy any materials relevant to the defense preparation, any materials the government intends to use in its case in chief, or any materials the government obtains from the defendant. See Fed.R.Crim.P. 16(a). Notwithstanding Rule 16, the Adam Walsh Act codified in 18 U.S.C. § 3509(m) provides that child pornography "shall remain in the care, custody, and control of either the Government or the court" following seizure in any criminal proceeding. Hence, "the Adam Walsh Act [has] altered the balance of pre-trial discovery under Rule 16...." *United States v. Wright*, 625 F.3d 583, 614 (9th Cir.2010) The statute expressly directs the courts to deny any requests by the defendant to copy or in any way reproduce such material, "so long as the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A). In the case at hand the Government will not copy the entirety of the download of Defendants iCloud account as that would be in violation of the 18 U.S.C. § 3509(m). Furthermore, the Government will not hazard to guess what the Defendant believes will be relevant of the non child pornography content contained on the download of Defendant's iCloud account.  However, Defendant's counsel, expert or investigator, may view the entirety of the download of Defendant's iCloud account, which is located at the HSI field office in Idaho Falls. Defendant may make individual copies of any item of digital

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN PREPARATION FOR TRIAL - 2

media from the download of Defendant's iCloud account, so long as such item(s) to be downloaded are not prohibited by 18 U.S.C. § 3509(m).

2.      Defendant's request to consolidate all counts into one count is not supported by law. The Ninth circuit has specifically addressed the issue of whether an indictment containing multiple counts of production of child pornography under Section 2251(a) was multiplicitous. In *United States v. Tashbook*, 144 Fed. Appx. 610 (9th Cir. 2005) (unpub.) the Court held that two photographs of a minor, taken during the same photo shoot, can be grounds for two separate offenses under Section 2251(a)). In the instant case there are 16 separate and distinct videos, produced at different times.

3.      Defendant should have made this request ex parte to the court. However, the Government notes that counsel is retained.  Normally a finding of indigency is necessary for appointment of an investigator at government expense.  Based on the Defendant's ability to retain counsel, the Government does not believe the Defendant can show that he is indigent and unable to pay for the services of an investigator.

4.      The "seized property" in the forfeiture allegation of the indictment, is referring to electronic devices seized during the course of the investigation that contain digital images, or video depictions as described in Title 18, United States Code, Sections 2251 and 2252, et. The items known to the government to have been seized include cellular telephones, computers, computer tablets, and digital media storage devices. A determination of which, if any of the items, contain images or video depictions as described in Title 18, United States Code, Sections 2251 and 2252 has not been finalized. Any electronic device which has been seized and determined not to have images, or

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN PREPARATION FOR TRIAL - 3

video depictions as described in Title 18, United States Code, Sections 2251 and 2252, will be returned to the Defendant at the conclusion of the proceedings.

5.      The Government notes Defendant's alibi notice.

6.      The Government objects to any use of polygraph results in this matter. The only polygraph the government has seen in this matter regarded questions of crimes unrelated to those contained in the indictment. The Government requests full disclosure of any polygraph Defendant wishes to admit as evidence. The Government cannot fully and properly respond until any such proposed polygraph has been disclosed. Once the Defendant discloses any proposed polygraph the Government requests further hearing and supplemental briefing on the matter.

7.      The Government has received one video file of a forensic interview with the alleged victim dated December 31, 2019. That video interview was disclosed to the Defendant on October 2, 2020. It is the Government's understanding that an additional forensic interview was completed with the alleged victim on an earlier date. The Government has requested that forensic interview and will disclose it upon receipt.

8.      The Government does not intend to use the Defendant's guilty plea in state court in its case in chief. The Government may wish to use Defendant's guilty plea as potential impeachment or rebuttal evidence.

9.      The Government has complied with Federal Rule of Criminal Procedure 16, and this Court's General order No. 352. As discovery is on-going, the Government will continue to comply with Federal Rule 16 as the Government receives additional evidence.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN PREPARATION FOR TRIAL - 4

Respectfully submitted this 24th day of November, 2020.

                              BART M. DAVIS
                              UNITED STATES ATTORNEY
                              By:


                              /s/_____
                              JUSTIN K. PASKETT
                              Assistant United States Attorney



CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2020, the foregoing

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN PREPARATION FOR

TRIAL was electronically filed with the Clerk of the Court using the CM/ECF system which sent

a Notice of Electronic Filing to the following person(s):


Robin D. Dunn
rdunn@dunnlawoffices.com
evy@dunnlawoffices.com


                              /s/_____
                              Lisa Brunson
                              Legal Assistant


GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN PREPARATION FOR
TRIAL - 5