RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
JUSTIN K. PASKETT, IDAHO STATE BAR NO. 9066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 E. SHERMAN AVE SUITE 192
POCATELLO, ID 83201
TELEPHONE: (208) 478-4166
FACSIMILE: (208) 478-4175

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TEL JAMES BOAM,<br><br>Defendant. | Case No. CR-20-188-E-BLW<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ADMIT POLYGRAPH** |

The United States, by and through Rafael M. Gonzalez, Jr., Acting United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorney for the District of Idaho, hereby responds to Defendant's Motion of the Defendant in Preparation for Trial: Admission of Polygraph.

The Defendant has moved to admit polygraph results to rebut the Government's proposed 404(b) evidence, or to "extract a level playing field." Defendant's motion did not include an attached copy of the proposed polygraph. Defendant did not cite to any specific questions asked from the proposed polygraph in his motion. The only context provided by Defendant regarding the polygraph is that "the defendant can rebut the Rule 404(b) evidence with polygraph

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO ADMIT POLYGRAPH - 1**

testimony taken in reference to the exact line of evidence offered by the Government on the 404(b) evidence." As the Defendant has failed to show how the polygraph is admissible, results or the existence of a polygraph should be denied.

## APPLICABLE LAW AND ANALYSIS

At the outset, the Government notes that the evidence sought to be introduced is not the subject of any stipulation on behalf of the parties. "It is well-established that a polygraph examination may not be admitted to prove the veracity of statements made during the examination." *United States v. Alvirez,* CA No. 11-10244 at 19 (9th Cir. March 14, 2013). Because of this, the evidence is inadmissible for the following three specific reasons.

### *a. Exclusion under Fed. R. Evid. 702*

Federal Rule of Evidence 702 allows the admission of expert testimony only "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Previously, the Ninth Circuit held that "unstipulated polygraph evidence is inadmissible as technical or scientific evidence under Fed. R. Evid. 702 because it does not 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Brown v. Darcy*, 783 F.2d 1389, 1395 (9th Cir. 1986). Although this per se rule has since been overruled, the basis for the holding is still applicable today. *United States v. Benavidez-Benavidez*, 217 F.3d 720, 723-725 (9th Cir. 2000) (discussing the history of the treatment of unstipulated polygraph evidence).

The Ninth Circuit noted in *Benavidez-Benavidez* that its decision in *Brown* was based in part on the finding that polygraph examinations were of questionable accuracy and reliability. *Id.* at 724. In addition, however, the court in *Brown* stated that:

> [t]he introduction of polygraph evidence also infringes on the jury's role in determining credibility. Our adversary system is built on the premise that the jury reviews the

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO ADMIT POLYGRAPH - 2**

> testimony and determines which version of events it believes. Allowing a polygraph expert to analyze responses to a series of questions and then testify that one side is telling the truth interferes with this function.

*Brown*, 783 F.2d at 1396.

As such, in this case, if Defendant intended to use the evidence of any polygraph examinations to establish his credibility, the evidence is inadmissible under Rule 702. It would inappropriately invade the jury's province to determine Defendant's credibility and would not "assist the trier of fact to understand the evidence or to determine a fact in issue." The evidence becomes nothing more than an unpermitted bolstering of Defendant's credibility.

Furthermore, Defendant, has not proved the reliability of the polygraph. Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), require the district court to perform its gatekeeping role to determine the admissibility of all forms of expert testimony, especially evidence of polygraph tests administered to a defendant.

The Supreme Court has emphasized that "[t]he inquiry envisioned by Rule 702 is ... a flexible one," *Daubert*, 509 U.S. at 594, and must be "tied to the facts of a particular case." Here, however, defendant has provided no material either to the government or to the court regarding the reliability or relevance of the tests administered to him. Therefore, as a threshold matter, he has failed to provide any basis for which the test would have been admissible.

### b. Exclusion under Fed. R. Evid. 704(b)

Federal Rule of Evidence 704(b) states that: [n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense there to.

The Ninth Circuit has specifically held that this rule "prohibits the admission of polygraph evidence offered for the purpose of proving the defendant's mental state." *Benavidez-Benavidez*, 217 F.3d at 724 (citing *United States v. Campos*, 217 F.3d 707 (9th Cir. 2000)). Although the Ninth Circuit later qualified this particular statement by stating that "Rule 704(b) allows expert testimony on a defendant's mental state so long as the expert does not draw the ultimate inference or conclusion for the jury," it clarified that the question is one of whether or not the expert opinion "necessarily compel[s] a conclusion about the defendant's mens rea ...." *United States v. Finley*, 301 F.3d 1000, 1015 (9th Cir. 2002) (citations omitted). The court went on to specifically cite the situation in *Campos* as an example of when such evidence is not permitted, stating that in that case they "upheld a district court's exclusion of a polygraph expert from testifying that the defendant was truthful when she [made statements about her mental state]" since they "determined that the testimony compelled the conclusion that the defendant did not possess the [mental state required] to commit the crime because polygraph test results offer an implicit opinion about whether the accused is being deceptive about the very matters at issue in the trial." *Id*. (citations omitted).

As such, in this case, if Defendant intended to use the evidence of any polygraph examinations to demonstrate that he did not intend to attempt to sexually exploit a child and thus did not have the requisite mens rea for conviction under Title 18, United States Code, Section 2251(a) and (e), the evidence is inadmissible under Rule 704(b). This is true regardless of

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO ADMIT POLYGRAPH - 4**

whether or not the testimony offered is about the Defendant's truthfulness in providing answers about his mental state or his mental state specifically, because it is expert evidence offered for the purpose of proving the Defendant's mental state.

### c. Exclusion under Fed. R. Evid. 403

Federal Rule Evidence 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Ninth Circuit has established that "district court[s] have 'wide discretion in refusing to admit [unstipulated polygraph] testimony'" under, among other rules, Rule 403, because such evidence should, in many cases, be so excluded. *Benavidez-Benavidez*, 217 F.3d at 724-25.

Specifically, in *Benavidez-Benavidez* the court noted that in the past it had found such evidence per se inadmissible because it "'does not assist the trier of fact to understand the evidence or to determine a fact in issue'" as a result of the "'questionable accuracy of polygraph examinations' and the lack of consensus on their reliability." *Id.* at 723-24 (citations omitted). In addition, after the court was compelled to overrule its per se rule, it noted that it still had "no 'new enthusiasm for admission of unstipulated polygraph evidence'" because of "its 'grave potential for interfering with the deliberative process.'" *Id.* (citations omitted). Furthermore, the court has repeatedly noted the fact that jurors are often overly persuaded by such expert testimony. *See, e.g., United States v. Ramirez-Robles*, 386 F.3d 1234, 1245-49 (9th Cir. 2004) (noting the "persuasive power of polygraph testimony"); *Brown*, 783 F.2d at 1396:

> [P]olygraph .... evidence is likely to be shrouded with an aura of near infallibility, akin to the ancient oracle of Delphi. During the course of laying the evidentiary foundation at trial, the polygraphist will present his own assessment of the test's reliability which will generally be well in excess of 90 percent .... Based upon the

presentment of this particular form of scientific evidence, present-day jurors, despite their sophistication and increased educational levels and intellectual capacities, are still likely to give significant, if not conclusive, weight to a polygraphist's opinion as to whether the defendant is being truthful or deceitful in his response to a question bearing on a dispositive issue ....

In this case, even if the testimony regarding polygraph examinations of the defendant is not excluded under Rule 702 or Rule 704(b), the probative value of the evidence is substantially outweighed by the danger of unfair prejudice or misleading the jury. Jurors generally give disproportionate weight to such testimony despite polygraph evidence's questionable accuracy, lack of consensus on the reliability, grave potential for interfering with the deliberative process, and inability to assist triers of fact. As such, evidence regarding any polygraph examinations of the Defendant is inadmissible under Rule 403.

## CONCLUSION

Defendant has failed to provide the court with any specific analysis of the evidence he wishes to admit. Pursuant to Federal Rules of Evidence, 702, 704(b), and 403, Defendant's motion to admit the results or the existence of a polygraph should be denied.

Respectfully submitted this 17th day of August, 2021.

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:


/s/_____
JUSTIN K. PASKETT
Assistant United States Attorney

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO ADMIT POLYGRAPH - 6**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on, 17th day of August, 2021, the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ADMIT POLYGRAPH was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s) by:

| | |
|---|---|
| Robin Dunn<br>rdunn@dunnlawoffices.com<br><br>Manuel Travis Murdoch<br>manuelmurdoch@gmail.com | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

                                                           /s/
                                                          Legal Assistant