UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:20-cr-00188-BLW-1 |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| TEL JAMES BOAM, | |
| Defendant. | |

Before the Court is the Government's Motion/Objection to Undisclosed Evidence (Dkt. 91). For the reasons discussed below, the Court will deny the motion without prejudice. The Court also addresses herein issues raised by the Government in its trial brief regarding the display of sexually explicit images and videos it plans to admit into evidence.

**A. Motion to Exclude Undisclosed Evidence**

The Government represents that Defendant has not disclosed any evidence to the Government. Further, the Government notes that Defendant has neither disclosed nor filed an exhibit list, despite being given an extension of time to August 30, 2021, at 5:00 p.m., to do so.

In his trial brief, Defendant concedes that he has not disclosed any evidence

to the Government, stating, "The government indicates that it has not received full discovery yet it has never made a request for anything." (Dkt. 88.) In his response to the Government's motion, Defendant states:

- That the Government has in its possession information that was disclosed to Defendant in discovery, and that "[s]ome of those documents are used a defendant's exhibits."

- That emails and text messages could not be disclosed because law enforcement took the electronics on which that information was stored, and that, until recently the evidence was not available to the defense.

- That the information regarding medication taken by two Government witnesses was obtained through subpoena within the last two weeks.

- That until the Court ruled on the 404(b) motion, Defendant did not know what documents would be needed and retrieved.

(Dkt. 98.) Defendant states that the documents on the exhibit list are on a flash drive that will be delivered to the Court and counsel. However, Defendant has not provided a time by which that delivery will occur. Moreover, Defendant still has not filed his exhibit list.

As set out in the Court's Procedural Order, the parties selected the standard reciprocal discovery elections. (Dkt. 11.) Further, the Court's Procedural Order

directed the parties "to adhere to all provisions of the Criminal Procedure Order, as

listed in General Order #352." (*Id.*) The Criminal Procedure Order, as listed in

General Order #352 provides, in relevant part:

> If the defendant has requested disclosure under Fed. R. Crim. P. 16,
> upon compliance with such request by the United States, the
> defendant must within twenty-eight (28) days from the date of the
> arraignment, or forty-five (45) days prior to the trial date, whichever
> date is later, disclose to the United States or make available for
> inspection, copying, or photographing the discovery set forth in Fed.
> R. Crim. P. 16, which is currently in the possession, custody or
> control of the defendant. As to material not currently within the
> possession or custody of the defendant, but through the exercise of
> due diligence may become known to the defendant, as soon as
> practicable after discovery and at a minimum in time for the United
> States to make effective use of it at trial.

(Procedural Order (available at: https://www.id.uscourts.gov/Content_Fetcher/inde

x.cfml/Revised_Criminal_Procedural_Order_3334.pdf?Content_ID=3334).)

Here, Defendant requested disclosure under Rule 16 of the Federal Rules of

Criminal Procedure. (Dkt. 22.) The Government represents that it has complied

with Defendant's request pursuant to Rule 16, and Defendant does not deny that

the Government has done so. Therefore, under the Criminal Procedure Order,

Defendant was required to disclose or otherwise make available to the

Government, at least 45 days prior to trial, "the discovery set forth in [Rule 16],

which is currently in the possession, custody or control of the defendant," and, as

to material that later became known to Defendant, to disclose or otherwise make

available that material "as soon as practicable after discovery and at a minimum in time for the [Government] to make effective use of it at trial."[1] (Criminal

---

[1] Rule 16 requires a defendant to disclose, among other things:

(A) Documents and Objects. If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

(B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

(C) Expert witnesses.--The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if--

(Continued)

MEMORANDUM DECISION AND ORDER - 4

Procedural Order.) It appears that Defendant has failed to comply[2] with the Criminal Procedural Order and Rule 16. And the reasons he gives in his response for failing to do so are wholly inadequate and do not justify his failure.

If a party fails to comply with Rule 16's requirements, the Court may "order the party to permit the discovery or inspection," "grant a continuance," "prohibit the party from introducing the undisclosed evidence," or "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). Thus, Defendant's failure to comply with Rule 16(b)'s disclosure requirements could result in the Court's exclusion of any undisclosed evidence.

The Court declines to make a blanket ruling at this time that Defendant's

_____

> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(b).

[2] The Court notes that Defendant has filed various Expert Witness disclosures and has thus at least partially complied with Rule 16. (*See, e.g.,* Dkts. 62, 63, 64, 67, 85.) Further, because Defendant has not filed an exhibit list or otherwise indicated what evidence, if any, he plans to introduce in his case-in-chief, it is unclear what evidence Defendant was required to disclose under Rule 16.

apparent failure to fully comply with his discovery obligations under the Criminal Procedural Order and Rule 16 will result in exclusion of all undisclosed evidence. "While a Defendant's introduction of evidence by surprise at trial may require exclusion of that evidence, such a determination must be made on a case-by-case basis." *United States v. Aiyaswamy*, No. 15-CR-00568-LHK-1, 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017). Accordingly, the Court will deny without prejudice the Government's motion to exclude undisclosed evidence and will instead address the admissibility of the undisclosed evidence on a case-by-case basis. Such evidence will not be admitted absent a showing of good cause as to why the defense did not timely disclose the evidence as required by Rule 16.

The Court notes, however, that under Rule 16, Defendant must disclose and produce only evidence that Defendant intends to use in his case-in-chief at trial. *See* Fed. R. Crim. P. 16(b). This disclosure and production requirement applies to all "substantive, non-impeachment evidence . . . whether Defendant plans to introduce that evidence during cross-examination or after the Government rests." *United States v. Aiyaswamy*, No. 15-CR-00568-LHK-1, 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017). In other words, although Rule 16 requires Defendant to disclose and produce any substantive, non-impeachment evidence no later than 45 days prior to trial, Rule 16 does not require him to disclose evidence that he

intends to use solely for the purpose of impeachment.

As to Defendant's continuing failure to file an exhibit list, the reason provided by Defendant is inadequate. Defendant did not previously inform the Court that he would need to wait until the Court's ruling on the Rule 404(b) motion to file his exhibit list. Defendant could and should have timely filed his exhibit list and, if needed, requested leave to amend the list upon receipt of the Court's Rule 404(b) decision. Moreover, the Court's Rule 404(b) decision (Dkt. 89) was entered at 1:52 p.m. on August 30, 2021. Thus Defendant could have made any needed modifications to his exhibit list to account for the Court's ruling and filed that list by 5:00 p.m. on August 30, 2021, or, if additional time was needed to finalize the exhibit list, he could have filed a motion asking for the additional time. However, rather than timely filing the exhibit list, or asking for additional time to do so, Defendant merely ignored the Court's deadline and still has not filed his exhibit list two full days after it was due.

Given Defendant's failure to provide an exhibit list, the Court will address the admissibility of any evidence Defendant seeks to admit in his case-in-chief on a case-by-case basis. Such evidence will not be admitted absent a showing of good cause as to why the defense did not timely file an exhibit list including that evidence.

### B. Display of Sexually Explicit Images and Videos

The Government has informed the Court in its trial memorandum that it will seek to limit the jurors' exposure to sexually explicit images and videos admitted into evidence by (1) publishing images for 10 seconds or less; (2) playing videos at a higher rate of speed; and (3) skipping parts of videos. (Dkt. 82.) The Government also asks that the Court alter the evidence display in the courtroom to avoid publishing sexually explicit images to the gallery in the courtroom and, if possible, shutting off the monitors at counsel tables. The Government has not indicated whether Defendant will stipulate to these limits, but as of the date of this Order, Defendant has not raised any objection.

Although the Court has not reviewed the sexually explicit images and videos on the Government's exhibit list (Dkt. 83), the Court has considered the descriptions of the exhibits in the record and finds that the Government's limits to minimize the jurors' exposure to these images and videos is consistent with Rule 403 and would minimize the danger of unfair prejudice to Defendant. *See United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008). The Court is therefore inclined to grant the Government's request. However, the Court will consider any objection raised by Defendant prior to ruling on the Government's request.

As to the Government's request to avoid publishing the sexually explicit images to the gallery, the Sixth Amendment creates a "presumption of openness" in criminal trials. *United States v. Gupta*, 699 F.3d 682, 687 (2d Cir. 2011) (internal quotation marks omitted). "The public trial guarantee is not absolute, however." *Id.* " '[It] may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information.' " *Id.* (quoting *Waller v. Georgia*, 467 U.S. 39, 45 (1984)).

The Court also notes that it must consider the public's common-law right of access to documents filed in connection with criminal proceedings. *See United States v. Troup*, No. 3:12-CR-36 JD, 2012 WL 3818242, at *6 (N.D. Ind. Aug. 31, 2012) (citing *In re Associated Press*, 172 Fed. Appx. 1, 3 (4th Cir. 2006); *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598-99 (1978)). However, "the decision of whether, when, and how to allow such access 'is one left best to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.' " *Id.* (quoting *Nixon*, 435 U.S. at 599). Moreover, a court may enter a protective order to provide for measures that are necessary to protect the privacy of the child who is a victim of exploitation. *See* 18 U.S.C. § 3509(a)(2)(A) & (d)(3)(B)(ii).

Here, at issue are sexually explicit images and videos of a minor child that might be displayed during trial. "There is no particularly compelling reason why the public would need to see these [sexually explicit images and videos of a minor child] in the gallery during trial, and it would be detrimental to the minor[] depicted therein to put their victimization on display." *Troup*, 2012 WL 3818242, at *6. Accordingly, the Court is inclined to grant the Government's request to not publish the sexually explicit images and videos to the courtroom gallery but will consider any objection raised by Defendant prior to ruling on the Government's request.

The Court will direct Defendant to file, by 2:00 p.m. on September 2, 2021, any objection or proposed modification to (1) the limits requested by the Government regarding the publication of the sexually explicit images and videos to jurors, and (2) the limitation requested by the Government regarding the publication of the sexually explicit images and videos to the courtroom gallery.

## ORDER

**IT IS ORDERED that:**

1.      The Government's Motion/Objection to Undisclosed Evidence (Dkt. 91) is **DENIED** without prejudice.

2.      Defendant shall file, by **2:00 p.m. on September 2, 2021**, any objection or proposed modification to (1) the limits requested by the Government

regarding the publication of sexually explicit images and videos to jurors, and (2)

the limitation requested by the Government regarding the publication of sexually

explicit images and videos to the courtroom gallery.

DATED: September 1, 2021

B. Lynn Winmill
U.S. District Court Judge