UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEL JAMES BOAM,<br><br>Defendant. | Case No. 4:20-cr-00188-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's Motion in Limine to Exclude Ultimate Issues in the Case from the Government Witnesses (Dkt. 100). For the reasons discussed below, the Court will deny the motion without prejudice.

## BACKGROUND

Defendant is charged in a 17-count indictment with 16 counts of attempted sexual exploitation of a minor child (Counts 1 through 16), and 1 count of possession of child pornography (Count 17). (Dkt. 1.) Counts 1 through 16 allege that Defendant attempted to produce child pornography videos of "Jane Doe" on or about June 8, 2018; July 1, 2018; July 24, 2018; July 29, 2018; August 1, 2018;

August 4, 2018; August 6, 2018; August 7, 2018; August 8, 2018; August 9, 2018; August 10, 2018; August 13, 2018; August 15, 2018; August 22, 2018; August 24, 2018; and August 29, 2018. (*Id.*) Count 17 alleges that Defendant possessed videos of child pornography on his Apple iCloud account. (*Id.*)[1]

## LEGAL STANDARD FOR MOTIONS IN LIMINE

There is no express authority for motions in limine in either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered.*" Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

## ANALYSIS

Defendant moves under Federal Rules of Evidence 704(b), 401, and 403 to exclude testimony by any of the Government's witnesses on the ultimate issues in this case. Specifically, Defendant moves to exclude Government witness Special Agent Knight and Government expert witness Special Agent Bradley J. Roedel (or

---

[1] Additional background information is set forth in the Court's previous Memorandum Decision and Order docketed at Dkt. 89.

**MEMORANDUM DECISION AND ORDER - 2**

other Government witnesses) from testifying, or expressing an opinion, that Defendant, as opposed to someone else, is more likely than not to have downloaded the images or videos at issue in the case.

### A. Rule 704(b)

Rule 704(b) provides: "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b).

Thus, under Rule 704(b), neither SA Roedel, nor any other expert witness, may state an opinion about whether Defendant did or did not have a particular mental state or condition regarding the alleged conduct at issue in this case. *See United States v. Booth*, 309 F.3d 566, 573 (9th Cir. 2002) (Rule 704(b) "prohibits an expert in a criminal case from stating 'an opinion or inference as to whether the defendant did or did not have the mental state . . . constituting an element of the crime charged or of a defense thereto.' " (citation omitted)); *Garcia v. Los Banos Unified Sch. Dist.*, No. 1:04-CV-6059SMS, 2007 WL 715526, at *4 (E.D. Cal. Mar. 8, 2007) ("With respect to opinions of the expert as to the Plaintiff's credibility, it is established that because it is the province of the jury to determine credibility, opinions that are nothing more than vouchers for or attacks on credibility . . . do not assist the trier of fact.").

The Court has reviewed the summary of testimony for SA Roedel provided by the Government. (*See* Dkt. 69.) This summary states that the Government intends to call Roedel to testify regarding his forensic examination of Defendant's electronic devices and the Apple iCloud backup of these devices, and any of the other subjects identified in his report; and may also identify and testify to the electronic data, files, and images identified in the materials made available to Defendant.[2] (*Id.*)

---

[2] The summary of the topics of Roedel's testimony includes:
- Identify of each of the devices he examined, and the nature of the device, its contents, its manufacturer, its origin of manufacture, and how the device operates (including its operating system).
- The processes used in conducting the forensic examination, including imaging (i.e. copying) the devices and then utilizing forensic software programs to identify and locate digital files on the devices.
- The processes used in extracting data from the Defendant's Apple iPhone 6 and Apple iPhone XR cellphones, and Melinda Boam's iPhone.
- The digital files discovered, and information pertaining to each file including.
- The information specific to individual digital files and videos discovered on Defendant's Apple iCloud backup of his Apple iPhone XR, including identifying the following individual digital files at issue in this case: the videos that represent the basis for all 17 counts of the Indictment, and videos that depict "Jane Doe" on specific dates and times, and engaging in specific activities.
- The evidence he discovered on the electronic devices that shows Defendant was the user of the devices, including information discovered on Defendant's iPhones and in Defendant's iCloud backup indicating that Defendant was the operator of the devices.
- The application called "BVCam" that was previously on both of Defendant's devices, and that BVCam spy camera software once installed on Defendant's devices, since deleted, was used to capture the videos of "Jane Doe."
- How BVCam was accessed, connected to WiFi from Defendant's iPhones, and how the iPhones show data from the SooSpy camera transmitted data to the iPhones.
- The location of the shortcut for the BVCam software on the second page of the home screen

(Continued)

Defendant has pointed to no specific portion of Roedel's testimony that he claims violates Rule 704(b). Further, nothing in the summary of Roedel's testimony indicates that Roedel will be expressing an opinion on Defendant's mental state or condition. The Government has confirmed as much in its response, stating: "The Government does not intend to offer opinion testimony from SA Roedel, or any other witnesses, about whether the Defendant did or did not have a mental state or condition that constitutes an element of the crime charged or defense." (Dkt. 104 at 2.)

However, as the Government also points out, it is the Government's

---

    when it was installed on the iPhone XR.
- Evidence that shows that Defendant was the user of the iPhones.
- Information regarding Melinda Boam's iPhone and the screenshots she sent and received from Defendant's iPhone, including the timing of the screenshots, when they were taken and sent; and any EXIF data associated with the screenshots.
- That he did not find any viruses, threats, or malicious software within the electronic devices, or their operating systems, that would allow other individuals to control and put child pornography on the devices.
- That he did not find any evidence of remote logins to the devices that would allow an individual to control the electronic devices remotely.
- That there is no evidence to support the conclusion that someone hacked into the electronic devices or was otherwise able to remotely control the devices in order to produce the videos of "Jane Doe."
- General explanation of various topics related to computers and electronic devises aimed at assisting the jury's understanding of the evidence.

(Dkt. 69.)

**MEMORANDUM DECISION AND ORDER - 5**

obligation and burden to present inculpatory evidence, beyond a reasonable doubt, as to each element of the crime charged. The Government states that it will therefore offer evidence that Defendant is guilty of every element of the crimes charged. (*Id.*) This evidence includes the evidence from Roedel as outlined in the expert disclosure.

In sum, there no indication that Roedel's anticipated testimony will violate Rule 704(b)'s prohibition on an expert witness opining on "whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charges or of a defense." Fed. R. Evid. 704(b). Defendant's motion regarding Rule 704(b) will accordingly be denied as it relates to the testimony of Roedel. However, this denial will be without prejudice to raising the issue at trial, if appropriate.

As to SA Knight, Defendant has provided no basis for believing that Knight is anticipated to testify in violation of Rule 704(b). Accordingly, Defendant's motion regarding Rule 704(b) will be denied as it relates to the testimony of Knight. However, this denial will be without prejudice to raising the issue at trial, if appropriate.

    **B.**    **Rules 401, 403**

Defendant summarily argues that "any other government witness that tries to invade the jury's province, by giving an ultimate opinion that the defendant is

more likely than not to have been involved in the depictions and/or downloads is running afoul of Rules 401 and 403."[3] (Dkt. 100.) Defendant does not provide any context for this argument, and the Court is thus unable to determine to what Defendant is referring. Read broadly, the Defendant's motion appears to seek an order preventing the government from offering any evidence which implicates the Defendant in this offense. Neither Rule 401 nor 403 support such a novel request. Accordingly, Defendant's motion will be denied to the extent he seeks exclusion of the Government's evidence under Rules 401 and 403. Of course, this decision is without prejudice to the Defendant renewing the objection under Rules 401 and 403 during trial if the government seeks to present evidence that is truly prejudicial, beyond simply implicating the Defendant in the crimes charged in the Indictment.

## ORDER

**IT IS ORDERED that** Defendant's Motion in Limine to Exclude Ultimate Issues in the Case from the Government Witnesses (Dkt. 100) is DENIED without

---

[3] Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

**MEMORANDUM DECISION AND ORDER - 7**

prejudice.

DATED: September 3, 2021

B. Lynn Winmill
U.S. District Court Judge