UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATED OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEL JAMES BOAM,<br><br>Defendant. | Case No. 4:20-CR-00188-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it the Government's emergency motion to enjoin the transfer, dissipation, and disposal of Defendant's assets in anticipation of sentencing. Dkt. 131, 165. For the reasons explained below, the motion will be granted.

## BACKGROUND

In August 2020, Tel James Boam was charged in a 17-count indictment with 16 counts of attempted sexual exploitation of a minor child, and 1 count of possession of child pornography. Dkt. 1. On September 20, 2021 the jury returned a guilty verdict for all 17 counts. Mr. Boam has been in custody since the verdict was returned.

**MEMORANDUM DECISION AND ORDER - 1**

While in jail Mr. Boam made several phone calls to friends and family. He was aware that these calls were recorded. Homeland Security Investigation Special Agent Roedel listened to these calls. Agent Roedel summarized the conversations in an affidavit filed with the emergency motion. Dkt. 131-3.

Essentially, Mr. Boam was arranging to liquidate his assets. He was directing people to sell or otherwise dispose of his cattle, stock trailer, spreader, grain trailer, titled equipment, 10-wheeler, four-wheeler, snowmobiles, pickup, house, and farmland. *Id*. When speaking to his grandfather and Hailey Boam, he speculated the worth of most of the assets. *Id*. He also mentioned that he had money in two different account totaling between 15,500-16,500. Id. It also appears that Mr. Boam gave his power of attorney to someone named Curtis. *Id*.

The potential disposition of Mr. Boam's assets rightfully troubled the Government who immediately filed an emergency motion. If Mr. Boam disposes of his assets, his victims may not receive adequate restitution.

## LEGAL STANDARD

The Mandatory Victims Restitution Act of 1996 authorizes the Government to enforce a restitution by "all available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(ii). This includes writs issued pursuant to the All Writs Act. The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate

in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

Several courts have concluded that the All Writs Act allows a court to restrain a convicted defendant's property in anticipation of ordering restitution. *See e.g., United States v. Catoggio*, 698 F.3d 64, 67 (2nd Cir. 2012) (citing numerous cases). The District of Idaho has also reached this conclusion. See e.g., United States v. Swenson, *2014 WL 2506300*, (D. Idaho June 3, 2014); *United States v. Johnson*, 438 F.Supp.3d 1185 (D. Idaho 2020).

## ANALYSIS

To ensure enough funds to pay restitution, the Government is seeking to enjoin the disposition of property, including cash, through the issuance of a restitution order in this case. Mr. Boam contests the motion to freeze his assets.

Mr. Boam states there are secured creditors, such as his grandfather, who should be repaid. *Id*. However, he does not provide any documentation to substantiate any alleged secured interest in his property. He also expresses concern that private counsel would not be paid if funds were frozen. *Id*.

These are unnecessary concerns. As the Government correctly points out, the Court could allow these types of claims to be honored. Dkt. 131. If indeed there are creditors and Mr. Boam's assets are frozen, the creditors would still be

**MEMORANDUM DECISION AND ORDER - 3**

repaid upon court approval. Likewise, Mr. Boam's counsel would still get paid.

If Mr. Boam has unfettered discretion to dispose of the entirety of his assets, accounting for the funds necessary to pay restitution may be more difficult, if not impossible. Accordingly, Mr. Boam's assets, including cash, are frozen until a restitution order is issued in this case. Should Mr. Boam need funds between now and the completion of the restitution hearing, he may so request. The request must contain sufficient detail and be evidenced by documentation sufficient to determine authenticity, accuracy, and necessity.

The Government also requests that Mr. Boam submit an accurate and complete account of his financial situation. Pursuant to 18 U.S.C. § 3664(d)(3) the defendant must file "an affidavit fully describing the financial resources of the defendant, including a complete listing of all assets owned or controlled by the defendant as of the date on which the defendant was arrested, . . . and such other information that the court requires . . . ."

In his response to the motion, Mr. Boam asserts that his liabilities exceed his assets. However, in recorded jail calls, Mr. Boam discusses multiple assets and speculates at their worth. He stated to Hailey Boam that he "figured on the money side of it [he] should end up with about 560 thousand clear." Dkt. 135.

It is unclear what equity the assets have and what liabilities Mr. Boam has.

**MEMORANDUM DECISION AND ORDER - 4**

What is clear is that Mr. Boam has numerous, potentially valuable assets and has been planning on liquidating them. Accordingly, Mr. Boam must also submit a complete and accurate list of his assets and liabilities evidenced by proper paperwork.

The Government has also filed documentation with the Court that Mr. Boam intends to sell the real property located at 3373 E. County Line Road, Idaho Falls, ID 83401 and asks the Court to order the escrow agent to hold all funds due to Mr. Boam until restitution is ordered in this case. The Court will allow the sale of the property to go forward, but will order Alliance Title & Escrow, the company handling the closing on the sale, to hold the proceeds due to Mr. Boam until further order of the Court to ensure that the funds are available to pay restitution in this case.

## ORDER

**IT IS ORDERED that:**

1. The Government's Motion to Enjoin the Transfer, Dissipation, and Disposal of Defendant's Assets in Anticipation of Sentencing and Renewed Motion (Motion to Freeze Assets) (Dkt. 131, 165) are **GRANTED**. Pursuant to the All Writs Act, 28 U.S.C. § 1651 the Defendant's assets, including cash, are frozen until a restitution order is issued in this case.

2. Defendant must file an accurate and complete account of his financial situation pursuant to 18 U.S.C. § 3664, including all assets and liabilities within 14 days of this order.

3. The Defendant is permitted to proceed with the sale of the real property at 3373 E. County Line Road, Idaho Falls, ID 83401 on the terms described in the Government's Motion and supporting documentation (Dkt. 165). Alliance Title & Escrow, LLC is ordered to hold all proceeds due to Defendant until further order of this Court.

DATED: January 19, 2022

B. Lynn Winmill
U.S. District Court Judge