JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST., SUITE 500
BOISE, ID  83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413
Email:  Bill.Humphries@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 4:20-cr-00188-BLW |
| vs. | **REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO RELEASE FUNDS HELD IN ESCROW AND PAY CLERK OF THE COURT FOR RESTITUTION FILED AT ECF NO. 204** |
| TEL JAMES BOAM, | |
| Defendant. | |

The United States of America hereby responds to Defendant's *Objection to Motion and Proposed Order Directing Alliance Title & Escrow to Release Funds and Pay Clerk* ("Objection") filed at ECF No. 207.  The Court should overrule Defendant's objection and grant the United States' *Motion for Order Directing Alliance Title & Escrow, LLC, to Release Funds Held In Escrow and Pay Clerk of the Court for Restitution* (ECF No. 204) ("Motion") based on the following.

## I.    BACKGROUND

Defendant, Tel James Boam, was sentenced by the Court on December 14, 2021.  ECF No. 158.  At sentencing, Defendant was ordered to pay an assessment of $1,700.00 and a JVTA

REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO RELEASE FUNDS HELD IN ESCROW AND PAY CLERK OF THE COURT FOR RESTITUTION FILED AT ECF NO. 204 – 1

assessment of $85,000.00.  *Id*.  Restitution was deferred until a later date.  On August 31, 2022, an Amended Judgment was entered by the Court ordering restitution in the amount of $2,326,661.00.  ECF No. 206.

On or about January 20, 2022, Defendant closed on a piece of real property located at 3373 E. County Line Road, Idaho Falls, ID 83401.  *See* ECF No. 165.  The United States of America secured its lien on this property for the monetary penalties imposed on the Judgment in the amount of $87,700.00.  Based on the settlement statement provided by the title company, Alliance Title & Escrow, LLC ("Title Company"), of Idaho Falls, ID, Defendant was to "receive approximately $64,474.23 in cash from the proceeds of the sale".  ECF No. 165 at 2.  With restitution being deferred, the United States moved for relief under the All Writs Act, 28 U.S.C. § 1651, for the Title Company to hold these additional funds in escrow to "preserve assets for restitution".  *Id*.  The Court entered its Memorandum Decision and Order on January 19, 2022, granting Government's Motion and ordered the Title Company to hold the proceeds pending further other of the Court regarding the final determination of restitution in this case.  ECF No. 167.  After the Court ordered restitution, the United States filed its Motion.

## II.    DISCUSSION

The government may enforce the monetary penalties against Defendant, and the relief sought in the Motion is appropriate.

### a.  The time to respond to Government's Motion has expired.

Defendant has twenty-one (21) days to respond to a motion pursuant to District of Idaho Local Civil Rule 7.1(c), and District of Idaho General Order No. 423 states that "[a]ll responsive memoranda to pretrial and post-trial motions must be filed on or before the fourteenth (14th) day

following the filing of any motion." Defendant filed his response or Objection on January 12, 2023, which is more than 120 days after the Motion was filed. It is too late.

### b. The Clerk's Office is a more appropriate location to hold the funds now that restitution has been ordered.

The United States moves the Court in its Motion for the release of funds to the Clerk of the Court. The government is not asking for the funds to be disbursed to the victim at this time. The relief sought in the Motion is for the Clerk's Office to apply the funds towards the restitution amount and hold the funds in their account until the appeal is over or until further order of the Court. In *United States v. Dillon*, "the Court directed the Clerk to hold any restitution payment until the appeal terminates". *United States v. Dillon*, No. 1:17-cv-498-BLW, 2018 WL 2337291, at *1 (D. Idaho May 23, 2018); *see Mem. Decision (Dkt No. 133)* in *United States v. Dillon*, criminal case 1:16-cr-00037-BLW. With an order from the Court directing the Clerk's office to hold the funds, there is no risk to Defendant. However, it may be burdensome to the Title Company and riskier to all involved to have the Title Company continue to hold on to the funds for an indefinite period, especially when the Clerk's office can hold the funds. There is no reason at this stage to keep the Title Company, a private company, involved in this situation.

### c. The Government may enforce the restitution and JVTA assessment notwithstanding an appeal.

Defendant argues that the Court should deny Government's Motion because Defendant filed an appeal and that the appeal is still pending. "[F]ederal courts have long held that parties may proceed to execute upon a monetary judgment notwithstanding a pending appeal of the judgment" *United States v. Kieffer*, No. 1:08-cr-54, 2010 WL 2231806, at *3 (D.N.D. Apr. 28, 2010). Further, "the ability to execute upon a monetary judgment . . . pending appeal is implicitly recognized by Fed.R.Civ.P. 62(d)-(f) and Fed.R.Crim.P. 38(c) [and] (e), which provide

REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO RELEASE FUNDS HELD IN ESCROW AND PAY CLERK OF THE COURT FOR RESTITUTION FILED AT ECF NO. 204 – 3

civil and criminal judgment debtors, respectively, the opportunity to seek a stay of enforcement

of the judgment, or other appropriately relief, pending appeal." *Id*.  *See, e.g., Sheldon v.*

*Munford, Inc.,* 128 F.R.D. 663, 665 (N.D. Ind. 1989); *United States v. Kazuyuki Fujimoto,* 14

F.R.D. 448, 449 (D. Hawaii 1953).  Defendant has not filed a motion to seek an enforcement stay

in this case.  In order to stay the enforcement pending appeal, Defendant "must ordinarily move

first in the district court for . . . a stay of the judgment or order of a district court pending appeal

. . . ." Fed. R. App. P. 8(a)(1)-(A).  Defendant has not done that.  Therefore, his objection should

be overruled and deemed moot.

## III.    CONCLUSION

Defendant was ordered to pay substantial restitution and JVTA assessment.  The funds

held in escrow by the Title Company were to be preserved for restitution pending a restitution

order.  Now that the Court has ordered restitution, the Government requests the Court order the

Title Company to release those funds to the Clerk of the Court and apply towards restitution in

this case.  Defendant has not filed an enforcement stay pending the appeal and he did not timely

file his objection.  The funds have been on hold for nearly one year.  It is a burdensome for the

Title Company to continue to hold these funds when the Court has issued its restitution order.

Therefore, the Court should overrule Defendant's objection grant Government's Motion.

DATED this 20th day of January, 2023.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

/s/_____
WILLIAM M. HUMPHRIES
Assistant United States Attorney

REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO RELEASE FUNDS HELD IN
ESCROW AND PAY CLERK OF THE COURT FOR RESTITUTION FILED AT ECF NO.
204 – 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2023, the foregoing **REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO RELEASE FUNDS HELD IN ESCROW AND PAY CLERK OF THE COURT FOR RESTITUTION FILED AT ECF NO. 204** and attachments were electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF Notice:

Robin D Dunn
rdunn@dunnlawoffices.com
*Defense Attorney*

/s/_____
Chelsie Black
Paralegal Specialist

REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO RELEASE FUNDS HELD IN ESCROW AND PAY CLERK OF THE COURT FOR RESTITUTION FILED AT ECF NO. 204 – 5